Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7265 | **DATE** | 2/22/2012 |
| **CASE TITLE** | Arvell Irish and Leslie Moore vs. Jewel Food Stores, Inc. | | |

**DOCKET ENTRY TEXT**

The court requested the parties to file objections to the proposed Final Jury Instructions and proposed Preliminary Jury Instructions by February 21, 2012. (Dkt. No. 87.) Plaintiffs Arvell Irish and Leslie Moore filed no objections, and Defendant Jewel Food Jewel Stores, Inc. ("Jewel") filed one objection. (Dkt. No. 108.) Jewel's objection is resolved as described in the Statement section of the order. Counsel for the parties are to file objections, if any, to the court's proposed instruction by noon on 2/23/12. The final pretrial conference remains set at 4:30 pm on 2/23/12 in courtroom 1041 of the Dirksen U.S. Courthouse. The parties are encouraged to discuss settlement.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Jewel's objection to the proposed jury instructions raises the issue of the extent to which an employee must report alleged harassment to an employer before the employer can be found to have notice of the harassment. Jewel proposes that the court instruct the jury on this issue as follows:

> The law neither requires nor expects the management of a company to be aware of every impropriety committed by every low-level employee. Therefore, you may find Defendant liable for racial harassment committed by Plaintiffs' co-workers only if you find that Defendant was on notice of the alleged harassment. In assessing whether an employer had notice of racial harassment, if an employer designates a "point person" to accept complaints this person becomes the natural channel for the making and forwarding of complaints, and complainants can be expected to utilize it in the normal case. You may find for the Plaintiffs in this case only if you find that the plaintiffs gave the Defendant employer enough information to make a reasonable employer think there was some probability that they were being racially harassed.

The first, second, and fourth sentences of the proposed instruction merely restate the requirement already included elsewhere in the court's jury instructions that the plaintiff to prevail must show that an employer knew or should have known about the alleged harassment. Moreover, those three sentences discuss the concept of the "management" of a company, but they do not provide the jury any definition of that concept. Thus, Jewel's proposed instruction does not help resolve the key question of which employees of a company must be aware of the harassment before the company can be determined to have notice of it. The third sentence accurately quotes *Durkin v. City of Chicago*, 341 F.3d 606, 612 (7th Cir. 2003), but that sentence too fails to provide the jury appropriate guidance. Specifically, it notes that complainants are "expected" to utilize an employer's complaint system, but does not specify the consequences if a complainant fails to do so. The third sentence also inappropriately gives the jury the impression that the employer does not have notice of alleged harassment if the

| STATEMENT |
|---|

complainant did not utilize the employer's complaint system, which is not a correct statement of the law. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 849 (7th Cir. 2008) (noting that an employer can have notice of harassment if "the harassment was so pervasive that a jury could infer his employer knew about it"). Accordingly, the court must refuse Jewel's proposed instruction.

Nonetheless, the court finds that it is still necessary to provide the jury additional guidance on the standard for determining whether an employer has notice of alleged harassment. The Seventh Circuit has established that to show that an employer has notice of alleged harassment, a plaintiff "must demonstrate that he made a concerted effort to inform [the employer] of the racial harassment he was allegedly experiencing or that the harassment was sufficiently obvious to put [the employer] on constructive notice." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 391 (7th Cir. Ill. 2010). To make a concerted effort to inform the employer of the racial harassment when the employer has designated a point person to receive complaints, the plaintiff must show that he contacted the "point person." *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1035 (7th Cir. 1998). If the employer designates more than one avenue for complaints, the employee need only report the conduct to one of the avenues. *See id.* at 1037 (rejecting an argument "that an employer's designation of one avenue for complaints in its sexual harassment policy forecloses the possibility of making complaints elsewhere" because "we should encourage any employer who constructs multiple mechanisms for detecting and correcting harassment"). However, "[w]here a point person was not identified or easily accessible, an employer can receive notice of harassment from a 'department head' or someone that 'the complainant reasonably believed was authorized to receive and forward (or respond to) a complaint of harassment.'" *Id.* at 1035 (citation omitted).

At the trial in this case, which is scheduled to begin on 2/29/12, it appears that the evidence may show that Jewel designated plaintiff employees' immediate supervisor, the Department Manager, the Facility Manager, the Associate Relations or Human Resources Department, and the Hotline as "point persons" to receive complaints of alleged harassment. (Dkt. No. 61, Ex. 10, at 2.) Moreover, it is likely that no party will dispute that these channels were identified and easily accessible. (Dkt. No. 61 ("Def.'s SMF") ¶ 18.) Accordingly, the court proposes the following jury instruction on this issue:

> In determining whether Defendant knew or should have known of the harassment, a Plaintiff must prove that (a) he made a concerted effort to inform Defendant of the racial harassment he was allegedly experiencing, or (b) the harassment was sufficiently obvious that an employee of the Defendant who had the authority to deal with the harassment had notice of the harassment.
>
> To make a concerted effort to inform Defendant of the racial harassment in a situation in which Defendant has designated one or several "point persons" to accept complaints, a Plaintiff must report the harassment to at least one of those point persons.

*See Montgomery*, 626 F.3d at 391; *Andonissamy*, 547 F.3d at 849; *Parkins*, 163 F.3d at 1035-37.

*James F. Holderman*