# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7265 | **DATE** | 2/23/2012 |
| **CASE TITLE** | Arvell Irish and Leslie Moore vs. Jewel Food Stores, Inc. | | |

**DOCKET ENTRY TEXT**

Pretrial conference held. Counsel are to submit any further objections to the court's proposed jury instructions or trial procedures in writing by no later than February 27, 2012 at 5 pm. Case remains set for trial at 9 am February 27, 2012. Parties are to continue to discuss settlement and notify the court no later than February 28, 2012, by 2 pm to avoid the assessment of jury costs. Pursuant to the court's request [122], the parties have each submitted a proposed instruction and a proposed special interrogatory regarding the standard the jury should use to identify Jewel's managerial employees. The court adopts the instruction and special interrogatory as stated in the Statement section of the order. The current proposed Final Jury Instructions, Preliminary Jury Instructions, and Preliminary Verdict Form are attached to this order.

■[ For further details see text below.] 01:30

Docketing to mail notices.

---

# STATEMENT

The court has adopted elements of both parties' proposed instruction, as follows:

> In determining whether a particular individual was a managerial employee of Defendant Jewel, you should consider the kind of authority Defendant gave to him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out. Factors that would tend to show that an employee of Defendant Jewel was a managerial employee include that the employee had discretionary authority to hire, discipline, or terminate employees. A managerial employee must have responsibilities that are important to the carrying out of the company's policies, but need not be one of Defendant Jewel's top managers, officers, or directors.

> Defendant's Maintenance Supervisors, including Jerry Richmond, Walter Crenshaw, Ronald Alphonse, Ron Pezdek, Dave Spankroy, and Mohammed Khan, are not considered managerial employees as defined in this instruction.

The court has also edited the proposed punitive damages instruction for clarity.

> In addition to the special interrogatory asking the jury to identify managerial employees, Defendant Jewel Food Stores, Inc. ("Jewel") proposed additional special interrogatories on whether Jewel made a good faith effort to implement an anti-discrimination policy, and on whether any managerial employees recklessly disregarded plaintiffs' rights. The instructions already specify, however, that to award punitive damages, the jury must find that Jewel did not make a good faith effort to implement an anti-discrimination policy, and that a managerial employee recklessly disregarded plaintiffs' rights. Moreover, the jury is presumed to follow the instructions they

are given. *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 388 (7th Cir. 2011). Accordingly, the court declines to adopt Jewel's additional special interrogatories, and instead adopts plaintiffs' proposed special interrogatory, altered for clarity.

*James F. Holderman*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARVELL IRISH and LESLIE MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 C 7265 |
| | ) | |
| JEWEL FOOD STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

Members of the jury, I will give you a preliminary overview of the law that relates to this trial that you, as the jury, are to apply to the facts in deciding this case. This overview is given to you at this time to help you better understand the parties' positions as the evidence is presented to you during the trial. Although this preliminary overview of the law is given to you now, it is the final instructions on the law that I will read to you before your deliberations that you should use in deciding the case.

At that time, I will give each of you a hard copy of the final instructions on the law and it is the final instructions on the law, as I said, that you should use in deciding the case.

This is a race discrimination case. Plaintiffs Arvell Irish and Leslie Moore are employed as janitors at Jewel Food's Distribution Center in Melrose Park, Illinois. They have alleged that they were subjected to a hostile work environment because of their race in the form of racial comments, graffiti and other conduct by two other Hispanic janitors that worked in the same facility. The Plaintiffs further contend that the Defendant, Jewel Foods, is legally responsible for allowing this conduct to occur because the Company knew about the alleged conduct and did not take reasonable steps to prevent the conduct.

The Company denies that Plaintiffs were subjected to a hostile work environment because of their race. The Company also contends that it cannot be held legally responsible for the conduct of the Plaintiffs' two co-workers because it took reasonable steps to maintain a workplace free of race-based harassment.

In a civil lawsuit like this one, the burden is on the party bringing the claim to prove every element of the claim by a "preponderance of the evidence." A preponderance of the evidence simply means evidence that persuades you that the claim is more probably true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof establishes each element of the claim by a preponderance of the evidence, then you should find for the party bringing that claim. If the proof fails to establish any element of the claim by a preponderance of the evidence, then you should find for the party against whom the claim was brought.

I will now discuss Plaintiffs' claim that they were subjected to a hostile work environment because of their race.

**Plaintiff Arvell Irish and Leslie Moore's Claim for Racial Discrimination**

Plaintiffs Arvell Irish and Leslie Moore have brought this lawsuit under a federal law know as 42 U.S.C. § 1981. Section 1981, as I will refer to this law, prohibits discriminatory conduct of an employer, including discriminatory working conditions, such as racial harassment.

In this case, Plaintiffs Irish and Moore claim that they were racially harassed at work by their coworkers, Wilfredo Soto and Jaime Guzman. To succeed on his claim, the Plaintiff you are considering must prove seven things by a preponderance of the evidence:

1. Plaintiff was subjected to racially harassing comments or racial graffiti or racist behavior by his coworkers, Wilfredo Soto and Jaime Guzman;

2. The conduct was unwelcome;

3. The conduct occurred because Plaintiff was African American;

4. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

5. At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive;

6. Defendant knew or should have known about the conduct; and

7. Defendant did not take reasonable steps to correct the situation and prevent harassment from recurring.

If you find that the Plaintiff you are considering has proved by a preponderance of the evidence each of the things required of him, then you must find for that Plaintiff. However, if a Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant as to that Plaintiff.

To decide whether a reasonable person would find a Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with a Plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sporadic or occasional use of abusive language, race-related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all the

circumstances and the social context in which the conduct occurred. Only conduct amounting to a material change in the terms and conditions of employment amounts to an abusive or hostile environment.

In determining whether Defendant knew or should have known of the harassment, a Plaintiff must prove that (a) he made a concerted effort to inform Defendant of the racial harassment he was allegedly experiencing, or (b) the harassment was sufficiently obvious that an employee of the Defendant who had the authority to deal with the harassment had notice of the harassment.

To make a concerted effort to inform Defendant of the racial harassment in a situation in which Defendant has designated one or several "point persons" to accept complaints, a Plaintiff must report the harassment to at least one of those point persons.

## The Question of Damages

If you find that a Plaintiff has proved any of his claims, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover and report the amount of damages on your verdict form. If you find that a Plaintiff has failed to prove any of his claims, then you will not consider the question of damages as to that Plaintiff. I will instruct you on the law regarding damages at the end of the trial.

As I stated earlier, although this preliminary overview of the law is given to you now to help you better understand the evidence as it is presented at the trial, it is the final instructions on the law that I will read to you and physically give to you in the form of a hard copy for each of you that you should use in reaching your verdict as the jury in this trial.

In this case, the parties have already stipulated, or agreed, to certain facts in the Agreed Statement of Uncontested Facts, which has been given to you. You must now treat these agreed facts as having been proved for the purpose of this case.

As members of the jury, you may submit written questions for a witness to answer if you feel you need more information after the lawyers have finished questioning the witness. We do not expect you will have questions, but if you do, here is how the procedure works: After each witness has testified and the lawyers have asked all of their questions, if you have a question, you should write it down on a sheet of paper from your notebook, fold it over and hold it up. My clerk will retrieve it and then photocopy it, so I can speak with the lawyers about it as I must.

You may submit a question for a witness to clarify or help you understand the evidence. Our experience with juror questions indicates that a juror will rarely have more than a few questions for one witness, and there may be no questions for some witnesses.

If you submit a question, the court staff will provide it to me and I will share your question with the lawyers in the case. If your question is permitted under the rules of evidence, I will read your question to the witness so that the witness may answer it. In some instances, I may modify the form or phrasing of a question so that it is proper under the rules of evidence. On other occasions, I may not allow the witness to answer a question, either because the question cannot be asked under the law or because another witness is in a better position to answer the question. Of course, if I cannot allow the witness to answer a question, you should not draw any conclusions from that fact or speculate on what the answer might be.

Here are several important things to keep in mind about your questions for the witnesses:

First, all questions must be submitted in writing. Please do not ask questions orally of any witness.

Second, witnesses may not be recalled to the witness stand for additional juror questions, so if you have a question for a particular witness, you should submit it at the end of that witness's testimony.

Finally, as jurors you should remain neutral and open throughout the trial. As a result, you should always phrase any questions in a neutral way that does not express an opinion about the case or a witness.

Also, at various times during the trial the lawyers will address you. You will soon hear the lawyers' opening statements, and at the end of the trial you will hear their closing arguments. From time to time in between, the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence that was previously presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not themselves evidence.

I will now say a few words about your responsibilities as jurors.

First, it is your job to decide this case on the evidence presented here in court. You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards, social networking sites, such as Facebook, or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. You may, however, discuss the case with each other so long as all of you are present for that discussion;

Second, do not make up your mind about what the verdict should be until after you have heard all of the evidence and the arguments of counsel, you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence. Keep an open mind until then;

Third, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Fourth, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fifth, if you need to communicate with me simply give a signed note to the clerk to give to me.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARVELL IRISH and LESLIE MOORE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     No. 10 C 7265 |
| | ) |
| JEWEL FOOD STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## FINAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case the Defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, I was outside a minute ago and I saw it raining. Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may take into account:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

A witness may be discredited or "impeached" by contradictory evidence, by, among other things, a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something that is inconsistent with the witness's testimony.

If you believe that any witness has been impeached, then you must determine whether to believe the witness's testimony in whole, in part, or not at all, and how much weight to give to that testimony.

It is proper for a lawyer to meet with any witness in preparation for trial.

Some witnesses have testified through an interpreter. You should consider only the evidence provided through the official interpreter. Although some of you may know the languages used by the witnesses, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may have cautioned or warned during the trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

In this case, the parties have already stipulated, or agreed, to certain facts in the Agreed Statement of Uncontested Facts, which has been given to you. You must now treat these agreed facts as having been proved for the purpose of this case.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

### Plaintiff Arvell Irish and Leslie Moore's Claim for Racial Discrimination

Plaintiffs Arvell Irish and Leslie Moore have brought this lawsuit under a federal law know as 42 U.S.C. § 1981. Section 1981, as I will refer to this law, prohibits discriminatory conduct of an employer, including discriminatory working conditions, such as racial harassment.

In this case, Plaintiffs Irish and Moore claim that they were racially harassed at work by their coworkers, Wilfredo Soto and Jaime Guzman. To succeed on his claim, the Plaintiff you are considering must prove seven things by a preponderance of the evidence:

1. Plaintiff was subjected to racially harassing comments or racial graffiti or racist behavior by his coworkers, Wilfredo Soto and Jaime Guzman;

2. The conduct was unwelcome;

3. The conduct occurred because Plaintiff was African American;

4. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

5. At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive;

6. Defendant knew or should have known about the conduct; and

7. Defendant did not take reasonable steps to correct the situation and prevent harassment from recurring.

If you find that the Plaintiff you are considering has proved by a preponderance of the evidence each of the things required of him, then you must find for that Plaintiff. However, if a Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant as to that Plaintiff.

To decide whether a reasonable person would find a Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with a Plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sporadic or occasional use of abusive language, race-related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all the circumstances and the social context in which the conduct occurred. Only conduct amounting to a material change in the terms and conditions of employment amounts to an abusive or hostile environment.

In determining whether Defendant knew or should have known of the harassment, a Plaintiff must prove that (a) he made a concerted effort to inform Defendant of the racial harassment he was allegedly experiencing, or (b) the harassment was sufficiently obvious that an employee of the Defendant who had the authority to deal with the harassment had notice of the harassment.

To make a concerted effort to inform Defendant of the racial harassment in a situation in which Defendant has designated one or several "point persons" to accept complaints, a Plaintiff must report the harassment to at least one of those point persons.

## The Question of Damages

If you find that a Plaintiff has proven any of his claims against Defendant, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover. A Plaintiff must prove his damages by a preponderance of the evidence. If you find that a Plaintiff has failed to prove his claim, then you will not consider the question of damages as to that Plaintiff.

You must give separate consideration to each claim and each party in this case.

## I.     Compensatory Damages

If you find in favor of a Plaintiff, then you must determine the amount of money that will fairly compensate that Plaintiff for any injury that you find that Plaintiff sustained or is reasonably certain to sustain in the future as a direct result of the hostile work environment harassment, including both the physical and mental aspects of injury, even if they are not easy to measure. These damages are called compensatory damages.

The Plaintiff you are considering must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork.

You should consider the following types of compensatory damages, and no others:

> The physical and mental or emotional pain and suffering and loss of a normal life that the Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

## II.      Punitive Damages

If you find in favor of a Plaintiff, you may, but are not required to, assess punitive damages against Defendant as to that Plaintiff. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

A Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant as to that Plaintiff. You may assess punitive damages only if you find that a Plaintiff has proven by a preponderance of the evidence that at least one of Defendant's managerial employees acted within the scope of his employment and in reckless disregard of a Plaintiff's right not to be harassed based upon his race. Conduct is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law. You should not, however, award a Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an anti-discrimination policy.

In determining whether a particular individual was a managerial employee of Defendant Jewel, you should consider the kind of authority Defendant gave to him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out. Factors that would tend to show that an employee of Defendant Jewel was a managerial employee include that the employee had discretionary authority to hire, discipline, or terminate employees. A managerial employee must have responsibilities that are important to the carrying out of the company's policies, but need not be one of Defendant Jewel's top managers, officers, or directors.

Defendant's Maintenance Supervisors, including Jerry Richmond, Walter Crenshaw, Ronald Alphonse, Ron Pezdek, Dave Spankroy, and Mohammed Khan, are not considered managerial employees as defined in this instruction.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

– the reprehensibility of Defendant's conduct;

– the impact of Defendant's conduct on Plaintiff;

– the relationship between Plaintiff and Defendant;

– the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

–Defendant's financial condition; and

– the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A verdict form has been prepared for you. I will read it to you.

The Official Verdict Form will be brought to you in the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the Official Verdict Form, and all of you will sign it, reflecting your agreement with the verdict you as the jury have reached.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ARVELL IRISH and LESLIE MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 C 7265 |
| | ) | |
| JEWEL FOOD STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY VERDICT FORM**

**Part I - Hostile Work Environment Claim**

I.     We, the jury, find as follows on Plaintiff Arvell Irish's hostile work environment claim against Jewel Food Stores, Inc.:

For Arvell Irish_____      For Jewel Food Stores, Inc._____

II.     We, the jury, find as follows on Plaintiff Leslie Moore's hostile work environment claim against Jewel Food Stores, Inc.:

For Leslie Moore_____      For Jewel Food Stores, Inc. _____

**Part II - Compensatory Damages**

I.    Arvell Irish (answer only if you found for Arvell Irish in Part I)

We, the jury, assess compensatory damages for the injuries suffered by Arvell Irish in the amount of:    $ _____

II.   Leslie Moore (answer only if you found for Leslie Moore in Part I)

We, the jury, assess compensatory damages for the injuries suffered by Leslie Moore in the amount of:    $ _____

## Part III - Punitive Damages

I.    Arvell Irish (answer only if you found for Arvell Irish in Part I)

We, the jury, award punitive damages to Arvell Irish in the amount of: $ _____

II.   Leslie Moore (answer only if you found for Leslie Moore in Part I)

We, the jury, award punitive damages to Leslie Moore in the amount of: $_____

III.  If you awarded either of the Plaintiffs punitive damages, you must have found that at least one of Defendant's managerial employees acted within the scope of his employment and in reckless disregard of a Plaintiff's right not to be harassed based upon his race.

Accordingly, please identify each person whom you determined to be one of Defendant's managerial employees: _____

_____

_____.


**Part IV - Juror Signatures**


Please each sign and date below.  Then notify the marshal.  The Foreperson should bring this signed and dated Verdict Form into the courtroom to return the Jury's Verdict.


_____           _____
Foreperson                                Juror



_____           _____
Juror                                     Juror



_____           _____
Juror                                     Juror



_____           _____
Juror                                     Juror



Date: _____